IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADVANCE MEDICAL DESIGNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORBIN CLINICAL RESOURCES, LLC, <br><br> Defendant. | Civ. A. No. 1:22-cv-00789-SAG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT CORBIN CLINICAL RESOURCES, LLC'S NOTICE REGARDING THE STATUS OF POST-GRANT REVIEW PROCEEDINGS**

Defendant Corbin Clinical Resources, LLC ("Corbin), by and through undersigned counsel, respectfully files this notice informing the Court of the current status of this case since the Court entered its Letter Order dated April 15, 2024, deferring ruling on the Motion to Stay (the "Order") [Dkt. 112]. In furtherance of this Notice, Corbin states as follows:

1. To date, the United States Patent and Trademark Office has not issued office actions on any of the remaining three patents in reexamination, including U.S. Patent Nos. 10,064,681, 11,096,762, and 11,246,677.

2. On January 31, 2023, Corbin asserted claims 11, 12, and 13 of U.S. Patent No. 11,547,436 ("'436 Patent") against Advance Medical Designs, Inc. ("Advance Medical"). *See* Second Amended Answer, Affirmative Defenses, and Counterclaims [Dkt. 66].

3. Advance Medical filed a Petition for Post Grant Review ("Petition") seeking to invalidate the '436 Patent. On January 23, 2024, the Patent Trial and Appeal Board ("PTAB") issued its Decision denying Advance Medical's Petition (the "PGR Decision"). *See* PGR Decision, attached as **Exhibit A**. In its PGR Decision, the PTAB declined to invalidate the '436 Patent and,

94933422.3

in doing so, made findings that were very favorable to Corbin. Such findings include that the USPTO Examiner that issued the '436 Patent considered the cited prior art, and that Advance Medical failed to demonstrate that the Examiner materially erred in finding that issuing the '436 Patent in spite of such art. For example, it found that Advance Medical failed to sufficiently demonstrate that the Examiner materially erred in finding that "'none of the prior art alone or in combination' teaches the limitation of 'coupling the access needle to the one of the plurality of needle receiving ports of the displacement member of the transperineal biopsy guide such that a position and angle of the access needle relative to the displacement member is restrained'" as required by the '436 Patent.

4. On February 8, 2024, Advanced Medical filed Petitioner's Request for Rehearing ("Request for Rehearing") of the PGR Decision at the PTAB.

5. On March 27, 2024, Advance Medical filed Plaintiff Advance Medical Designs, Inc.'s Motion to Stay Pending Ex Parte Reexaminations ("Motion to Stay") [Dkt. 108]. In doing so, Advance Medical relied in part on its efforts to invalidate the '436 Patent. *See e.g.* Reply in Support of Plaintiff Advance Medical Designs, Inc.'s Motion to Stay Pending Ex Parte Reexaminations, at 8-9 (Dkt. 111).

6. On May 2, 2024, the PTAB issued an order denying Advance Medical's Request for Rehearing and upheld its PGR Denial. *See* May 2, 2024, Decision, attached as **Exhibit B**. Advance Medical has exhausted its remedies with the PTAB and the PGR Decision cannot be appealed. Therefore, the '436 Patent can no longer be challenged in the PTAB and is ripe to be litigated in this District Court.

7. To further progress towards trial on the '436 Patent, Corbin took the depositions of four key employees of Advance Medical, including Chief Executive Officer Vince Cottone,

Executive Vice President Anna Ginnity, Market Director Paul Bagli, and Account Executive Katherine Moore. Further, Advance Medical moved to amend its proposed constructions of the claims of the '436 Patent. *See* Plaintiff Advance Medical Designs, Inc.'s Motion to Amend Plaintiff's Updated Claim Construction Brief [Dkt. 113].

8. While the CRU has not issued office actions on the remaining three patents in reexamination, such office actions will be issued by the Central Reexamination Unit ("CRU"). The decisions of the CRU are appealed to the PTAB. Therefore, it is expected that their decisions will align with those of the PTAB.

9. Corbin reiterates its request that, if this Court is inclined to stay any portion of its case, that it at least allows this case to move forward with respect to the '436 Patent. *See* Dkt. 110 at 26. That patent has been blessed by the PTAB and is ripe for determination. Clearly, any modification to the claims of the remaining patents in reexamination will be based upon, and tailored to, the decision of the PTAB in its PGR Denial. Regardless of the outcome of the reexaminations, the '436 Patent is valid and will be litigated in this Court.

Respectfully submitted, this 28th day of June 2024.

By:  */s/ D. Jack Blum*
D. Jack Blum (No. 07241)
POLSINELLI PC
1401 Eye Street, N.W., Suite 800
Washington, D.C. 20005
Tel: (202)783-3300; Fax: (202)783-3535
jack.blum@polsinelli.com

Michael P. Dulin (admitted *pro hac vice*)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Tel: (303) 583-8239; Fax: (303) 572-7883
mdulin@polsinelli.com

                                      Clement A. Asante (admitted *pro hac vice*)
                                      POLSINELLI PC
                                      1401 Lawrence Street, Suite 2300
                                      Denver, CO 80202
                                      Tel: (303) 583-8269; Fax: (720) 528-7738
                                      casante@polsinelli.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June 2024, a true and correct copy of the foregoing was electronically served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

                                                 */s/ D. Jack Blum*
                                                 Counsel for Corbin Clinical Resources, LLC

94933422.3