IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ADVANCED MEDICAL DESIGNS, INC.,** | * |
| **Plaintiff,** | * |
| v. | * Civil Case No.: 22-cv-00789-SAG |
| **CORBIN CLINICAL RESOURCES, LLC,** | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Before this Court is Defendant Corbin Clinical Resources, LLC ("Corbin")'s motion to strike the errata sheet of Plaintiff Advance Medical Designs, Inc. ("AMD")'s fact witness Paul Bagli. ECF 130. AMD filed an opposition, ECF 131, to which Corbin replied, ECF 133. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Corbin's motion to strike will be **GRANTED**.

**I.   BACKGROUND**

Corbin is the assignee of five patents at issue in this case: U.S. Patent Nos. 10,064,681 ("the '681 Patent"), 11,096,762 ("the '762 Patent"), 11,246,677 ("the '677 Patent"), 11,446,056 ("the '056 Patent"), and 11,547,436 ("the '436 Patent). AMD initiated this lawsuit seeking declaratory judgment of non-infringement and invalidity of the '681 Patent. ECF 1.[1] On April 18, 2022, Corbin brought counterclaims alleging infringement of the '681 Patent as well as the '762 Patent and '677 Patent. ECF 19. On June 21, 2022, AMD amended its complaint to add claims for

---

[1] The case was initially filed in the Northern District of Georgia, and it was transferred to this Court on April 1, 2022. ECF 10.

declaratory judgment of non-infringement and invalidity of the '762 Patent and '677 Patent. ECF 36; *see also* ECF 46 (second amended complaint filed on July 20, 2022, withdrawing an unrelated state law claim). On January 31, 2023, Corbin brought counterclaims for infringement of two additional patents, the '056 Patent and '436 Patent. ECF 66. AMD filed an answer to those counterclaims in February, 2023. ECF 71.

The parties have been progressing on fact discovery and have begun taking depositions of fact witnesses, including AMD's Market Director Paul Bagli on May 14, 2024. ECF 130. On June 21, 2024, AMD submitted an initial errata sheet for Mr. Bagli. *Id*. at 1-2.[2] On the same day, Corbin notified counsel for AMD that it disagreed with four of AMD's proposed changes on the initial errata sheet and requested that AMD withdraw them. *Id*. at 2; ECF 130-2 at 6. In a second errata sheet, ECF 130-3, AMD withdrew three changes but maintained the fourth change, viewing it as "a permissible revision under Fed. R. Civ. P. 30(e)." ECF No. 130-2 at 6. Corbin again objected to the change on the basis that it materially alters Mr. Bagli's testimony and informed AMD of its intention to file a motion to strike Mr. Bagli's second errata sheet. *Id*. at 7. On July 15, 2024, AMD maintained that Mr. Bagli's changes are proper. *Id*. at 4. Corbin filed the instant motion to strike on July 24, 2024. ECF 130.

## II. LEGAL STANDARD

Rule 30 permits a deponent, within 30 days of notification that his or her deposition transcript is available, to review the transcript, and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). While the Fourth Circuit has not opined on the permissible scope of alterations under Rule 30(e), courts

---

[2] For all pincites, this Court uses the ECF page numbers in the header at the top of the page rather than the page numbers in the footer at the bottom of the page.

are split on the latitude the rule affords a deponent to change his or her testimony. Some courts interpret Rule 30(e) literally, permitting a deponent to timely "change any and all of the 'substance' of the deposition testimony." *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 296 (D. Md. 2008) (citing *Foutz v. Town of Vinton, Virginia*, 211 F.R.D. 293, 295 (W.D. Va. 2002)). However, this Court has recognized and applied the line of cases which interpret the rule as "foreclosing changes that materially alter the testimony or contradict the testimony." *Wyeth*, 252 F.R.D. at 296; *see also Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*, No. SAG-18-3403, 2020 WL 761174, at *4 (D. Md. Feb. 14, 2020) ("limitations exist on the scope of substantive changes" (citation omitted)). Thus, "where proposed changes do not correct misstatements or clarify existing answers but instead materially change the answers or fully supplant them, such changes will be stricken," and the deponent cannot use the revised testimony at trial. *Green v. Wing Enters., Inc.*, No. 1:14-cv-01913-RDB(JMC), 2015 WL 506194, at *2 (D. Md. Feb. 5, 2015).

The adequacy of the reason provided and the prejudice of striking the deponent's proposed change are also relevant to the court's consideration. *Id*. The reason provided for the proposed change "cannot be conclusory" and "must provide a substantive explanation of specifically what led [the deponent] to change his [or her] answer." *Id*. In assessing the potential for prejudice caused by denying the deponent the opportunity to modify the testimony, this Court has found "little to no prejudice in striking the proposed change" if "a timely objection was noted to the question itself (which would permit the deponent to move to exclude his [or her] answer if it is shown to be substantively inadmissible)" or if "the opportunity exists for the deponent to offer an explanation at trial to mitigate the effects of [the] answer." *Id.* (citing *Harden v. Wicomico Cty.*, 263 F.R.D. 304, 309 (D. Md. 2009)).

### III. DISCUSSION

The parties dispute the proposed change to page 102, line 1 of Mr. Bagli's deposition testimony. ECF 130-1 at 4-5, ECF 130-3 at 3. Mr. Bagli's original answer to the question posed was simply "True." ECF 130-1 at 4-5. In his errata sheet, however, Mr. Bagli changed his response from "True" to "Partially True, the Channel Guide is set in place, then the introducer needle is inserted. We don't teach back and forth movement of the channel guide with the needle inside it." ECF 130-3 at 3. While the alteration from "True" to "Partially True" and the added qualification and information may be consistent with AMD's view of the case, they are not consistent with how the original response, "True," would be interpreted. *See Wyeth*, 252 F.R.D. at 297. This Court has rejected similar attempts by deponents to materially alter and supplant answers. *Id.*; *Sinclair Broad.*, 2020 WL 761174, at *6 ("the disputed changes do not correct misstatements or clarify existing answers but instead materially change the answers or fully supplant them…[a]nd, the deponents added information, a type of change that this Court rejected in *Wyeth*, 252 F.R.D. at 297" (internal citation and quotations omitted)).

While the Court credits the explanation that the disputed change is an attempt at clarification, ECF 130-3 at 3, the change substantively alters Mr. Bagli's testimony. *See Wyeth*, 252 F.R.D. at 296-97; *Harden*, 263 F.R.D. at 308. AMD had the opportunity during deposition to cross examine Mr. Bagli to complete the record or to address any asserted ambiguity.[3] *See Wyeth*, 252 F.R.D. at 297; *Sinclair Broad.*, 2020 WL 761174, at *6. It may not now change Mr. Bagli's

---

[3] In its opposition, AMD attaches and makes numerous citations to portions of Mr. Bagli's deposition testimony, including examination by AMD's counsel on the subject matter at issue. ECF 131 at 3; ECF 131-1 at 5-8.

testimony "in a material way because on review, it does not like the answer given." *Wyeth*, 252 F.R.D. at 297.

"[T]here is arguably little to no prejudice in striking [AMD's] proposed change." *Green v. Wing Enters., Inc.*, No. 1:14-cv-01913-RDB(JMC), 2015 WL 506194, at *2 (D. Md. Feb. 5, 2015) (citing *Harden*, 263 F.R.D. at 309). Mr. Bagli is not prevented from offering an explanation at trial along the lines asserted in the modified answer on his errata sheet. Additionally, AMD could, at trial or on summary judgment, offer documents that it believes more accurately represent the facts or otherwise attempt to mitigate the effects of Mr. Bagli's testimony. *See Wyeth*, 252 F.R.D. at 295, 297.

Because the disputed modification "materially change[s] and "fully supplant[s]" Mr. Bagli's deposition testimony, Corbin's motion to strike is granted. *Sinclair Broad.*, 2020 WL 761174, at *6. The portion of the errata sheet, ECF 130-3, that purports to modify page 102, line 1 of Mr. Bagli's deposition testimony is hereby stricken and may not be used at trial.

## IV.  CONCLUSION

For the reasons stated above, Defendant Corbin's motion to strike, ECF 130, is **GRANTED**. A separate Order follows.

Dated: September 4, 2024                    /s/
                                            Stephanie A. Gallagher
                                            United States District Judge